FIRST NAT'L BANK OF SOUTH PITTSBURG, et al. v. E. M. JONES, et al.

Eastern Section.    February 26, 1927.

No petition for Certiorari was filed.

1. **Appeal and error.    Appeal held properly perfected.**
Although the minute entry of the court was very indefinite in regard to the perfecting of the appeal, held that it was sufficient to show that the court approved the bond and the conditions imposed for the appeal.

2. **Appeal and error.    Assignments of error must be filed within time allowed by rules of court or the judgment will be affirmed.**
Where plaintiff in error failed to file assignments of error within the time required by Rule Eleven of this court, held that on motion of the defendant in error the judgment of the lower court will be affirmed.

Appeal from Chancery Court, Hamilton County; Hon. W. B. Garvin, Chancellor.

Affirmed.

C. C. Moore, of Chattanooga, for appellant.

Thomas & Thomas, of Chattanooga, for appellee.

SNODGRASS, J.    The defendants, Jones and Walter, are the principals around which the trouble centers in this litigation, which, it seems, has grown with the neglect to get matters settled as they proceeded.    It appears that sometime preceding the bill and cross-bill, which present the issues in this cause, Mr. Jones fell heir to certain responsibilities which culminated in two certain judgments against him in the circuit court of Hamilton county.    One of these was in favor of the First National Bank of South Pittsburg, for the sum of $266.26, and the other in favor of Moore & Darwin, for the sum of $305, together with costs incident, which for some reason he neglected to settle.

Subsequently Mr. Jones entered suit in the circuit court of Hamilton county against Mr. Walter, for the sum of $4500 alleged to be due him.    The firm of Thomas & Thomas represented Mr. Jones in this suit, and Mr. Moore, the attorney for appellants in this case represented Mr. Walter, who had become a resident of Florida.    This suit progressed to where it reached negotiations for a compromise, and an apparent agreement was reached whereby (as insisted by Mr. Jones) a proposition was made, that if Mr. Walter would pay him $700 and costs by February 20, 1925, he would accept the same in satisfaction of his claim.    Mr. Moore, attorney for Mr. Walter, appeared at the office of Thomas & Thomas, attorneys for Mr. Jones, on Feb.

21, 1925 and tendered a draft for $715, amount of the agreed settlement with costs, in payment of what he insists was but a timely settlement of an agreed compromise that had theretofore been made and accepted. This was declined as not in conformity with Mr. Jones' view, and besides, being threatened with the purpose of subjection to the satisfaction of the old decrees in the chancery court against Jones above referred to, did not tend to recommend it.

Thereupon the original bill in this cause was filed by the First National Bank of South Pittsburg, and Chas. C. Moore and O. P. Darwin in their former capacity as partners under the firm name of Moore & Darwin, as indicated in the caption, setting up the liability of the defendant Jones under these old decrees, and averring that on Feb. 23, 1925 an execution had issued in favor of the complainants for the full amount of said judgments, with interest and the costs of the cause amounting to. $33.95, which it was averred had come into the hands of J. W. Eldridge, a deputy sheriff of Hamilton county, Tenn., and was by him levied by service of garnishment upon the defendant John F. Walker, summoning the said John F. Walter to appear before the Clerk and Master of this court on the 28th day of February, 1925, at ten o'clock a. m., to answer as to what amount if any he was indebted to the defendant E. M. Jones. The bill then set up the proceedings in the circuit court of Hamilton county in which the defendant Jones was suing the defendant Walter for the sum of $4500, averring that the said suit was still pending in said court. The bill averred that during the month of January, 1925, a settlement agreement had been entered into in said case between the defendants E. M. Jones and John F. Walter, by which it was agreed that the defendant John F. Walter would pay to defendant E. M. Jones the sum of $700 and the costs of suit in full settlement of all liability, and that it was agreed that defendant Walter should have until February 20, 1925 in which to make payment of said amount; that accordingly on the 21st day of February, 1925 counsel for the defendant Walter and the defendant Jones met to close up the settlement; that because counsel for defendant Walter represented the plaintiffs in this case he suggested that the defendant Jones consent to make a payment out of the recovery on the two judgments set out herein; that Jones' counsel then consulted Jones as to whether or not he would authorize such payment to be made; that Jones refused to make such payment; that thereupon on Feb. 23, 1925 execution was issued as above stated upon complainants' judgments, and garnishment served upon the defendant Walter, by service upon his agent and attorney. The bill avers that thereupon the defendant Jones undertook to repudiate the settlement, but wrote a letter intended for defendant Walter, addressed to his employee at Daytona Beach, Florida, consenting to the settlement and

offering to close up the same, provided the money was paid to him or forwarded in such manner as to defeat the right of complainants to reach the same by process. It was further averred that the defendant Walter stands ready and willing to pay the amount of $700, with the costs of the pending suit, in fulfillment of his settlement. It was charged that the defendant Jones is insolvent at law and will defeat the complainants in the collection of their judgments, or embarrass or delay them, unless enjoined or restrained; that the position now taken by said Jones in repudiating his agreement to settle this lawsuit, and insisting that his suit in the circuit court is still prosecuted, unless the defendant Walter will conspire and collude with him to defeat the complainants in the collection of their judgments, hinders and embarrasses the remedy of your complainants by garnishment at law; that the defendant Walter while ready and willing to acknowledge his liability for the amount agreed upon, is hinderd from doing so because of the position taken for defendant Jones, unless he can be protected against assignment and transfer by defendant Jones, and against the further prosecution of his said suit at law by defendant Jones, with the consequent annoyance and expense incident to the defense of same. The bill then, representing they were entitled to the same, sought an injunction to restrain the defendant Jones from transferring, encumbering or otherwise disposing of his claim against defendant Walter, or from seeking in any way to defeat the rights of complainants to have satisfaction of the judgments out of the proceeds of said claim by repudiation of his agreement to settle, or in any other way, and averred that having jurisdiction for this purpose, they were entitled to have the defendant Walter, through his local agent, restrained from paying to defendant Jones the amount of said agreed settlement, and from further prosecution of the suit in the circuit court, and the claim as declared be declared to be subject to the execution at law levied thereon by garnishment, and that the said Walter be authorized by decree of the court to pay the amount into the registry of this court in satisfaction of the claim of the said E. M. Jones, and that such payment be declared to be a satisfaction thereof, and that defendant Jones be perpetually enjoined from further prosecuting his said suit at law.

The bill charged that a fee of $175 had been agreed upon as the fee of Thomas & Thomas for their services in the circuit court. This it did not controvert, but sought only the subjection of the remainder, and stated that defendants Thomas & Thomas were made parties to the suit only for conformity, and that their right and interest in said fund be protected.

The bill further prayed for judgment against Jones in the amount of the former judgments, with interest, and that the interest of the

said Jones in the agreed settlement be subjected and defendant Walter enjoined from making settlement with Jones, and for general relief. Injunction was issued and served as prayed.

The defendant John F. Walter filed an answer and cross-bill. This answer substantially admits the allegations of the bill, and sought to specifically enforce the alleged agreed settlement of $700 and costs. It was sought to be filed also in the nature of an interpleader, seeking to pay the same into court and be discharged from further liability, and then let Jones and the complainants litigate as to which one was entitled to the funds, averring that he does not collude with either of the original complainants or E. M. Jones with respect to their conflicting claims to the said agreed settlement of $700, and that he has no special liability to either of the claimants with respect to their claim to the fund, but is indifferent as between them. He asks also an injunction against further prosecution of the suit as against him in the circuit court, and for such further relief as he may be entitled to. An injunction was issued and served in response to the prayer.

E. M. Jones filed a separate demurrer and Thomas & Thomas a joint demurrer to the original bill, and E. M. Jones filed a demurrer to the cross-bill. All the demurrers were overruled. Thomas & Thomas jointly and Jones separately filed answer to the original bill, and Jones filed answer to the cross-bill against him.

In their answer the Messrs. Thomas say they know nothing of the facts or justness of the original judgments against Jones. Jones himself seems not to have known anything definitely about these judgments and required strict proof as to them all, set out the circumstances leading up to the alleged compromise, and each specifically denied that there had been any compromise, but only offers of compromise, which the answers averred had not been complied with and were of no force or effect after the 20th day of February, 1925.

Proof was taken and the cause heard before the Chancellor, who entered the following decree, the same having been enrolled on February 24, 1926:

"This cause was heard upon the pleadings, proof and entire record in this cause and also in the cause in this court of W. F. Jones et al. v. E. M. Jones, et al., No. 15105, and, after due consideration of the same, the court finds and decrees as follows:

"1. Except in so far as the complainants sue for personal judgments against defendant E. M. Jones upon the decrees recovered by them in the case in this court of W. F. Jones et al. v. E. M. Jones, et al., No. 15105, the equities of the bill are fully met and denied by the answers, and not sustained by the proof.

"2. As to the cross-bill of the defendant John W. Walker, its equities are fully met and denied by the answer of defendant E. M. Jones, and not sustained by the proof.

"3. It appears that on November 11, 1915 in the case aforesaid of W. F. Jones, et al. v. E. M. Jones, complainant First National Bank of South Pittsburg recovered a decree against defendant E. M. Jones for $266.26 and that complainants Moore & Darwin recovered a decree of $305, and that said complainants recovered a judgment for the costs of said cause; it is, therefore, decreed that complainant First National Bank of South Pittsburg recover of said defendant E. M. Jones the amount of the decree aforesaid, $266.26, with interest thereon, $162.74, in all the sum of $429; and that the complainant Moore & Darwin, a firm composed of C. C. Moore and O. P. Darwin, recover of said defendant Jones the amount of the decree aforesaid, $305, with interest thereon, $187.50, in all the sum of $492.50; and that said complainant also recover from said Jones the costs of the cause aforesaid, the sum of $33.95, for all of which execution may issue.

"4. Except as to this personal recovery against defendant E. M. Jones, the complainant's suit is dismissed, and the injunction which issued under the bill is dissolved.

"5. The cross-bill of defendant John F. Walter is dismissed, and the injunction which issued under it is dissolved.

"6. It is ordered and decreed that two-fifths (2/5) of the costs of the cause is adjudged against complainants and their surety, Chas. C. Moore; that two-fifths (2/5) of the costs is adjudged against defendant John F. Walker and Chas C. Moore, his surety upon his cross-bill, and the other one-fifth of the costs is adjudged against defendant Jones, for which executions will issue. The court's reasons for its action aforesaid are set forth in a memo opinion which is ordered filed as a part of the record of this cause.

"To so much of the foregoing decree as dismisses their bill and dissolves the injunction and denies to them satisfaction of their judgments and executions out of the claim of E. M. Jones against John F. Walter to the value thereof, complainants except and pray an appeal to the Court of Civil Appeals at Knoxville, Tenn.

"To so much of said foregoing decree as dismisses his cross-bill and dissolves his injunction against the further prosecution of the suit of E. M. Jones against him, cross-complainant, John F. Walker, excepts and prays an appeal to the next term of the Court of Civil Appeals at Knoxville, Tenn.

"The appeals so prayed by complainants and cross-complainants are granted upon each of them giving bond for costs. Whereupon Chas. C. Moore in open court acknowledged himself indebted to E. M. Jones, et al. in the panel sum of five hundred dollars, to be

void on condition complainants and cross-complainants shall prosecute their said appeals with effect, or in case of failure shall pay all costs which may be adjudged against them in the premises.

"The injunction against prosecution of said suit at law will remain in effect pending said appea'·

"Upon the filing of the memorandum opinion directing decree against them, complainants and cross-complainants filed motions for finding of fact to be incorporated in this decree, which motions were by the court overruled and declined, the court at the same time announcing that it would make and file a finding of facts when an appeal should be granted and perfected, to which action of the court the complainants and cross-complainants excepted."

On March 3, 1926 the Chancellor made and filed a written finding of fact.

A question is made as to whether or not the above recitals sufficiently perfected the appeals, but we hold under the circumstances that the appeals were perfected. It does not appear that the security, Chas. C. Moore, is the same as the Chas. C. Moore who is mentioned in the bill as one of the original complainants. After the conditional grant of the appeal it is recited that Chas. C. Moore in open court acknowledged himself indebted to E. M. Jones, et al. in the sum of five hundred dollars, to be void on condition complainants and cross-complainant shall prosecute the said appeals with effect, or in case of failure shall pay all costs which may be adjudged against them in the premises.

Following this is a statement that the Chancellor declined, on giving direction for the decree, to incorporate therein his findings of fact, announcing at the same time that he would make and file a finding of fact when an appeal should be granted and perfected. He later filed such finding.

We think it must be taken from this that, while. the matter was informally done, he approved this minute entry of the bond or obligation as a compliance with the conditions imposed.

There were eleven assignments of error, but as the case must be disposed of on the motion of the appellees to affirm the decree because of failure to assign errors in time, it will not be necessary to set them out.

The record was filed May 13, 1926. On June 10, 1926, after the twenty-five days had expired, defendants, the appellees, filed formal motion to affirm the decree of the Chancellor because no assignment of error had been filed within twenty-five days after the transcript of the record had been filed, as required by Rule 11 of this court, and a paragraph of Rule 12, which provides that "when appellants or plaintiffs in error fail or refuse to file an assignment of errors and brief as required by this rule, it will be taken as an abandon-

ment of the appeal or writ of error and the decree or judgment affirmed.''

After this motion had been filed, on June 10, 1926, without first having excused their default, or obtaining leave of the court to do so, appellants filed an assignment of errors, which failed again to comply with the rules as to citation of the record. This last mentioned default is sought to be amended by new application filed later, which also interlines in the original, in pencil, citations of the record. It is shown that on May 17th the transcript was forwarded to the attorney by the clerk, and it was in his hands in ample time to have complied with the rules. He should not have regarded it as sufficient excuse for delay even though the clerk may have informed him that the cause would not stand for hearing until the September Session, for such would not have relaxed the rule, though it might have influenced the court to lend an easy ear to an application, within the time, for an extension of time in which to file assignments. Such application was not made. On the contrary it was stated that, being crowded with work, the transcript was laid aside, and it was expected to suggest a diminution of the record, and to file an assignment after a complete record had been filed thereon, and during the time when the courts of that (Hamilton) county took their summer vacation, knowing that it would not delay the hearing of the cause. This could not be known, because under the rules of this court causes docketed and ready for hearing at a subsequent session may be withdrawn and set for hearing in a previous session, under certain exigencies, and it is always desirable that the issues be made up for presentation at the earliest practicable moment, so that they may be ready if time and chance affords an opportunity for their more speedy determination. The excuse presented in any aspect involves negligence rather than blameless misfortune, notwithstanding it is insisted that the purpose of the motion is manifestly to take unjust advantage of a rule of this court to avoid a hearing. Of course the rules of this court were not intended to aid sharp practices, a term unfortunately addressed to a condition brought about by appellants' own neglect, and which authorize appellees to invoke a rule that would preclude him. It is vain to characterize proceedings authorized by the law as wicked, nor can the advantages they secure be denied arbitrarily. Even now the court could and should relax the rigor of the rule where it is shown that the situation was occasioned through the blameless misfortune of appellants, but it should not invite a breach thereof by refusing to sustain a motion opposed only by admitted neglect. Such a course would result merely in the destruction of the rule, which is exceedingly valuable as sub-serving the orderly and expeditious discharge of the business of this court.

The application to amend offering no sufficient excuse for the delay, is denied, and the motion of appellees is sustained. The decree of the Chancellor will be affirmed, with costs against appellants and their security.

Portrum and Thompson, JJ., concur.